UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENESSA WESTBROOK, APRIL
WESTBROOK, and MARTIN
WESTBROOK,

               Plaintiff,                   USDC Case No.
                                             Hon.

vs.

LARRY DAVIS, JOSEPH WEEKLEY,
JASON BRASGALLA, KEVIN SHEPHARD,
G. CHESTER, D. FOSTER, C. ANDERSON,
T. DOLLINGER, S. HOWITT, and E. HAYES,

               Defendants.

_____/

CHRISTOPHER J. TRAINOR (P-42449)
SHAWN C. CABOT (P-64021)
CHRISTOPHER TRAINOR & ASSOCIATES
Attorneys for Plaintiff
9750 Highland Road
White Lake, Michigan 48386
(248) 886-8650

JERRY L. ASHFORD (P-47402)
Attorney for Defendants Davis and Weekley only
City of Detroit Law Department
660 Woodward Avenue
1650 First National Building
Detroit, Michigan 48226
(313) 237-3089

_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

      Defendants, Larry Davis and Joseph Weekley, remove this civil action to this Court

pursuant to 28 U.S.C. §1331 and §1441 and states the following in support of their Notice

of Removal:

1.      This action was commenced on January 23, 2009, in the Circuit Court for the Third

          Judicial Circuit of Michigan.

2.   Defendant Larry Davis was served with the Summons and Complaint on April 13, 2009.

3.   Defendant Joseph Weekley was served with the Summons and Complaint on April 14, 2009.

4.   Based on information and belief, Plaintiff has not served any other City of Detroit defendant named in this matter.  The information upon which this belief is based includes:

    a.   Named defendants Jason Brasgalla, Kevin Shepard, G. Chester, D. Foster, C. Anderson, T. Dollinger, S. Howitt, and E. Hayes are not presently represented by this office.

    b.   Plaintiff alleges named defendants Jason Brasgalla, Kevin Shepard, G. Chester, D. Foster, C. Anderson, T. Dollinger, S. Howitt, and E. Hayes are now, or were at the time of the incident underlying this action, employed by the City of Detroit as   police officers.   In accordance with standard procedure, when city employees, including police department personnel, receive civil process arising from some manner of employment related act or omission, the employee reports to the City of Detroit Law Department.  There the employee presents the summons and complaint received.  A search of Law Department records reflects no City  employees have  reported or presented any Summons or copies of the Complaint in this matter.

    c.   In accordance with standard procedure, when served, City employees are expected to report to the City of Detroit Law Department and present the summons and complaint received.  In the ordinary course of operations, this office would then undertake their representation.  It is the undersigned's intent that each defendant represented by this office, whether now or in the future, will join, at the appropriate time in the removal of this action.

4.   This is a civil action in which the Plaintiff seeks monetary relief for the alleged misconduct of the defendants which is alleged to have resulted in the deprivation

of certain rights protected by provisions of the United States Constitution. Defendants Davis and Weekley remove the action to this Court, invoking the Court's federal question jurisdiction, because the Plaintiff bases the action on the United States Constitution and on 42 U.S.C. Sec. 1983.

5.   This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Sec.. 1331, and the action is removable to this Court pursuant to 28 U.S.C. Sec. 1441(a) and (b).

6.   Copies of all pleadings served upon the Defendants Davis and Weekley are attached.  The Defendants have received no orders in this action.

7.   This Notice is filed within thirty days after first receipt by any defendant of a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.

8.   The undersigned has prepared a written notice of the removal of this action, addressed to counsel for the Plaintiff and to the clerk of the court from which this action is being removed.  Promptly after filing this Notice of Removal of Civil Action, the undersigned will cause copies of that written notice to be filed with the clerk of the court from which this action is being removed and mailed by first class mail to counsel for the Plaintiff.

WHEREFORE, Defendants, Larry Davis and Joseph Weekley, remove this action to this Court.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

S/ Jerry L. Ashford

_____

Jerry L. Ashford (P-47402)
Attorney for Defendant City of Detroit
1650 First National Building
Detroit, Michigan 48226
(313) 237-3089
Email: ashfj@detroitmi.gov

DATED: April 17, 2009

I hereby certify that on April 17, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and serve a copy of this Notice of Removal on Christopher Trainor, Esq., by first class mail.

S/ Jerry L. Ashford (P-47402)
City of Detroit Law Department
660 Woodward Ave. - Suite 1650
Detroit, Michigan  48226
(313) 237-3089
ashfj@detroitmi.gov

K:\DOCS\LIT\ASHFJ\A37000\removal\JA2210.WPD

STATE OF MICHIGAN,
THIRD CIRCUIT COURT



# SUMMONS AND RETURN OF SERVICE

CASE NO. 09-001792-CZ

Date served 7/13/09
Date in Law Dept 7/14/09

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224-8 |
|---|---|

| THIS CASE ASSIGNED TO JUDGE: Prentis Edwards | Bar Number: 13114 |
|---|---|

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| WESTBROOK, DENESSA | VS | DAVIS, LARRY |

PLAINTIFF'S ATTORNEY

Trainor, Christopher J.
(P-42449)
9750 Highland Rd
White Lake, MI 48386-2317
(248) 886-8650

| CASE FILING FEE | JURY FEE |
|---|---|
| Paid | Paid |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 01/23/2009 | 04/24/2009 | Pamela Oliver |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

1/23/2009
Date

_Signature of attorney/plaintiff_

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101.
REV. (3-98)   MC 01 (10/97)
DEFENDANT

## SUMMONS AND RETURN OF SERVICE

MCR 2.102(B)(11); MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**



**CASE NO.**   09-001792-CZ

Date Served  4/14/09
Date in Law Dept  4/19/09

# SUMMONS AND
# RETURN OF SERVICE

| COURT<br>ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT<br>TELEPHONE NO. (313) 224- |
| --- | --- |

THIS CASE ASSIGNED TO JUDGE:  **Prentis Edwards**        **Bar Number: 13114**

| PLAINTIFF | | DEFENDANT |
| --- | --- | --- |
| **WESTBROOK, DENESSA** | **VS** | **WEEKLEY, JOSEPH** |

PLAINTIFF'S ATTORNEY

**Trainor, Christopher J.**
**(P-42449)**
**9750 Highland Rd**
**White Lake, MI 48386-2317**
**(248) 886-8650**

| CASE FILING FEE | | JURY FEE | |
| --- | --- | --- | --- |
| **Paid** | | **Paid** | |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** | |
| **01/23/2009** | **04/24/2009** | **Pamela Oliver** | |

*This summons is invalid unless served on or before its expiration date.        Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

The action  ☐ remains  ☐ is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

1/23/2009
Date                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)
   DEFENDANT

**SUMMONS AND RETURN OF SERVICE**

MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)



**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DENESSA WESTBROOK, APRIL
WESTBROOK, and MARTIN WESTBROOK,

      Plaintiffs,

v.                                 CASE NO:
                                        HON:

JASON BRASGALLA, KEVIN SHEPARD,
G. CHESTER #3569, ~~FOSTER #4667~~, D. Foster,
C. ANDERSON #3819, LARRY DAVIS,
JOSEPH WEEKLEY, T. DOLLINGER #s1028,
S. HOWITT #S176, E. HAYES #4993,

      Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

_____/

**COMPLAINT AND JURY DEMAND**

    **NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants, state as follows:

1.    Plaintiffs are citizens of and reside together in the City of Detroit, County of Wayne, State of Michigan.

2.    Individually-named Defendants are or were police officers working and/or assigned to the Detroit Police Department and were acting within the scope of their employment, under color of law.

1

3.      All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

4.      That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney fees.

## FACTS

5.      Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

6.      On or about February 8, 2007, Plaintiffs' relative Marlon Westbrook was arrested between 8:30 and 9:30 a.m. while he was at Court for a Court appearance.

7.      On that same date, between 5:00 and 6:00 p.m., Defendants barged into Plaintiffs' home and broke down the door.

8.      Defendants had a warrant to search for property and certain items related to the arrest of Marlon Westbrook.

9.      Defendants were aware that Marlon Westbrook was already in custody.

10.     Defendants entered the home and did not knock or announce their presence.

11.     Immediately upon barging into the home, Defendants had their guns blazing and they began shooting.

12.     There were children and infant present in the home.

13.     Without any justifiable reason whatsoever, Defendants shot Plaintiffs' two dogs, while a child was in the same room as the dogs.

14.     Defendants wrongfully detained Plaintiffs for nearly an hour.

15.     Defendants had their guns pointed at Plaintiffs and the child and infant.

2

16.     As a result of Defendants actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## ASSAULT

17.     Plaintiffs allege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

18.     Defendants threatened and/or caused Plaintiffs to be threatened with intentional, unnecessary, and excessive physical force by brandishing weapons and shooting multiple shots within their home for no reason.

19.     At all times herein, the threat of contact was inflicted upon Plaintiffs by Defendants and/or other Defendants failed to stop the unnecessary threat and/or use of force on Plaintiffs.

20.     The unlawful threat of physical contact was unnecessary and excessive and furthermore, the unlawful threat of physical contact was without probable cause or any legal justification whatsoever.

21.     As a direct and proximate result of the assaults described above on Plaintiffs and/or the failure to stop the unnecessary threats and/or uses of force, Plaintiffs sustained injuries and damages.

22.     That Defendants' actions were so egregious and so outrageous that the Plaintiffs' damages were heightened and made more severe, consequently, Plaintiffs are entitled to exemplary damages.

## COUNT II
## FALSE IMPRISONMENT

23.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

24.   That Defendants caused the false imprisonment of Plaintiffs without any legal justification and/or probable cause.

25.   That Defendants did, by the use of force and/or by the threat of force, take Plaintiffs into custody and/or restrain Plaintiffs' liberties and freedom to move.

26.   Defendants restricted Plaintiffs' liberties against their will.

27.   Defendants' actions were without legal justification and/or probable cause.

28.   That as a direct result of Defendants' false arrest and imprisonment, Plaintiffs sustained damages.

29.   Defendants' actions were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## COUNT III
## GROSS NEGLIGENCE

30.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

31.   Defendants were acting as employees of the City of Detroit Police Department and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiffs.

4

32. Notwithstanding these duties, Defendants breached these duties when with deliberate indifference and/or gross negligence and without respect to Plaintiffs' rights, they falsely imprisoned Plaintiffs without justification, maliciously destroyed their property, intentionally inflicted severe emotional distress upon them, and used unreasonable and excessive force and threats against Plaintiffs in their home by shooting multiple gunshots and endangering lives.

33. That Defendants knew or should have known that by breaching these duties, harm would come to Plaintiffs.

34. That according to MCLA 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

35. That as a result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiffs suffered damages.

36. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiffs suffered injuries and damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

38. As described in this complaint, Plaintiffs had their home barged into, with guns brandished at them, several gunshots were fired in their home, their dogs were shot, and they were wrongfully imprisoned.

39. The actions against Plaintiffs were taken deliberately and with the intention of bringing about the contemplated results.

40.   The conduct of Defendants was extreme and outrageous.

41.   As a direct and proximate result of Defendants' extreme and outrageous actions against the Plaintiffs, they suffered physical injury and severe emotional distress.

42.   Plaintiff suffers from severe emotional distress.

## COUNT V
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 UNREASONABLE SEIZURE

43.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44.   That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

45.   As a result of the conduct complained of herein, Plaintiff suffered a deprivation of her clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

46.   That Defendants violated Plaintiffs' clearly established and federally protected rights by detaining, seizing, restraining, and/or restricting the liberty of Plaintiffs without a reasonable suspicion and/or probable cause to do so.

47.   That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in

violation of Plaintiffs' clearly established rights under the United States Constitution.

48.     As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT VI
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 VIOLATION OF KNOCK AND ANNOUNCE

49.     Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

50.     That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches.

51.     At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights and illegally entered Plaintiffs' home without knocking or announcing their presence or allowing any reasonable time for Plaintiffs to respond.

52.     Defendants were under the statutory obligation to knock and announce their presence pursuant to Mich. Comp. Laws § 780.656.

53.     Defendants acted unreasonably and failed in their duty to act lawfully when they illegally entered Plaintiffs' home without knocking, announcing their

7

presence and purpose, and to give Plaintiffs a reasonable amount of time to respond.

54. Defendants acted under color law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable searches.

55. Defendants' illegal acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

56. Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

### COUNT VII, 42 U.S.C. § 1983, 14th AMENDMENT, PROCEDURAL DUE PROCESS

57. Plaintiffs reallege and incorporate each and every paragraph of this Complaint as though fully set forth herein.

58. At all pertinent times, Defendants were acting under color of law, and in their individual and official capacities.

59. The Fourteenth Amendment to the United States Constitution guarantees that no State shall deprive any person of life, liberty, or property, without due process of law.

60. At all pertinent times, Plaintiff had a property interest in their pet dogs.

61. Defendants' actions of shooting Plaintiffs' dogs deprived Plaintiffs of full measure of enjoyment in the property interest in such dogs.

8

62. Due process is required prior to taking of property.

63. Despite the due process that was required, Defendants barged into Plaintiffs' home and unlawfully took their property by killing and shooting Plaintiffs' dogs.

64. Reasonable government employees in the position of Defendants would know that their actions would violate Plaintiffs' well-established constitutional right to procedural due process.

65. As a direct and proximate cause of Defendants' unlawful actions against Plaintiffs as described, Plaintiffs have suffered injuries and damages, including, but not limited to, loss of property; loss of right of enjoyment in their property; mental and emotional distress; and loss of the ordinary pleasures of life.

66. As a further consequence of Defendants' conduct, Plaintiffs have a viable claim for compensatory and punitive damages, together with costs, interest and attorney fees.

### DAMAGES AND RELIEF REQUESTED

67. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

68. As the direct and proximate result of the aforementioned acts by the Defendants in this case, Plaintiff sustained damages, including economic and noneconomic damages that exceed the amount of Twenty-Five Thousand Dollars ($25,000.00).

9

69.  That Plaintiff is entitled to exemplary and/or treble damages, as Defendants' acts were egregious and outrageous and caused the damages of Plaintiff to be heightened.

70.  Plaintiff requests that this Honorable Court enter an award in favor of Plaintiff and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES


BY: _____
CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated: January 23, 2009
CJT/mkb

10

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DENESSA WESTBROOK, APRIL
WESTBROOK, and MARTIN WESTBROOK,
And ALAYSIA WESTBROOK, by and through
her next friend APRIL WESTBROOK,

       Plaintiffs,

v.
                                  CASE NO:
                                  HON:

JASON BRASGALLA, KEVIN SHEPARD,
G. CHESTER #3569, FOSTER #4667,
C. ANDERSON #3819, LARRY DAVIS,
JOSEPH WEEKLEY, T. DOLLINGER #s1028,
S. HOWITT #S176, E. HAYES #4993,

       Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

_____/

**DEMAND FOR JURY TRIAL**

     **NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the

above-captioned matter.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES
                              BY:_____
                                CHRISTOPHER J. TRAINOR (P42449)
                                Attorney for Plaintiff
                                9750 Highland Road
Dated: January 23, 2009             White Lake, MI 48386
*CJT/mkb*                                (248) 886-8650



**THIRD CIRCUIT COURT**

# SUMMONS AND RETURN OF SERVICE

**CASE NO.** 09-001792-CZ

Date Served   4/13/09
Date in Law Dept   4/14/09

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |
|---|---|

| THIS CASE ASSIGNED TO JUDGE: | Prentis Edwards | Bar Number: 13114 |
|---|---|---|

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| WESTBROOK, DENESSA | VS | DAVIS, LARRY |

PLAINTIFF'S ATTORNEY

Trainor, Christopher J.
(P-42449)
9750 Highland Rd
White Lake, MI 48386-2317
(248)  886-8650

| CASE FILING FEE | JURY FEE |
|---|---|
| Paid | Paid |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 01/23/2009 | 04/24/2009 | Pamela Oliver |

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

1/23/2009
Date

_signature_
Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
☐ DEFENDANT

CASE NO.  09-001792-CZ

DATE served 4/14/09
DATE in Law Dept. 4/14/09



# SUMMONS AND
# RETURN OF SERVICE

| COURT | COURT |
|---|---|
| ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | TELEPHONE NO. (313) 224- |

THIS CASE ASSIGNED TO JUDGE:   **Prentis Edwards**       **Bar Number: 13114**

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| **WESTBROOK, DENESSA** | **VS** | **WEEKLEY, JOSEPH** |

PLAINTIFF'S ATTORNEY

**Trainor, Christopher J.
(P-42449)
9750 Highland Rd
White Lake, MI 48386-2317
(248)  886-8650**

| CASE FILING FEE | JURY FEE |
|---|---|
| **Paid** | **Paid** |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| **01/23/2009** | **04/24/2009** | **Pamela Oliver** |

*This summons is invalid unless served on or before its expiration date.   Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer    pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

1/23/2009
_____
Date                                 Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.



# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DENESSA WESTBROOK, APRIL
WESTBROOK, and MARTIN WESTBROOK,

      Plaintiffs,

v.                                       CASE NO:
                                             HON:

JASON BRASGALLA, KEVIN SHEPARD,
G. CHESTER #3569, ~~FOSTER #4667~~, D . Foster,
C. ANDERSON #3819, LARRY DAVIS,
JOSEPH WEEKLEY, T. DOLLINGER #s1028,
S. HOWITT #S176, E. HAYES #4993,


      Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

_____/

## COMPLAINT AND JURY DEMAND

      **NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and for their Complaint against the above-named

Defendants, state as follows:

1.      Plaintiffs are citizens of and reside together in the City of Detroit, County of

        Wayne, State of Michigan.

2.      Individually-named Defendants are or were police officers working and/or

        assigned to the Detroit Police Department and were acting within the scope of

        their employment, under color of law.

3.     All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

4.     That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney fees.

## FACTS

5.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

6.     On or about February 8, 2007, Plaintiffs' relative Marlon Westbrook was arrested between 8:30 and 9:30 a.m. while he was at Court for a Court appearance.

7.     On that same date, between 5:00 and 6:00 p.m., Defendants barged into Plaintiffs' home and broke down the door.

8.     Defendants had a warrant to search for property and certain items related to the arrest of Marlon Westbrook.

9.     Defendants were aware that Marlon Westbrook was already in custody.

10.    Defendants entered the home and did not knock or announce their presence.

11.    Immediately upon barging into the home, Defendants had their guns blazing and they began shooting.

12.    There were children and infant present in the home.

13.    Without any justifiable reason whatsoever, Defendants shot Plaintiffs' two dogs, while a child was in the same room as the dogs.

14.    Defendants wrongfully detained Plaintiffs for nearly an hour.

15.    Defendants had their guns pointed at Plaintiffs and the child and infant.

2

16.   As a result of Defendants actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## ASSAULT

17.   Plaintiffs allege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

18.   Defendants threatened and/or caused Plaintiffs to be threatened with intentional, unnecessary, and excessive physical force by brandishing weapons and shooting multiple shots within their home for no reason.

19.   At all times herein, the threat of contact was inflicted upon Plaintiffs by Defendants and/or other Defendants failed to stop the unnecessary threat and/or use of force on Plaintiffs.

20.   The unlawful threat of physical contact was unnecessary and excessive and furthermore, the unlawful threat of physical contact was without probable cause or any legal justification whatsoever.

21.   As a direct and proximate result of the assaults described above on Plaintiffs and/or the failure to stop the unnecessary threats and/or uses of force, Plaintiffs sustained injuries and damages.

22.   That Defendants' actions were so egregious and so outrageous that the Plaintiffs' damages were heightened and made more severe, consequently, Plaintiffs are entitled to exemplary damages.

3

## COUNT II
## FALSE IMPRISONMENT

23.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

24.   That Defendants caused the false imprisonment of Plaintiffs without any legal justification and/or probable cause.

25.   That Defendants did, by the use of force and/or by the threat of force, take Plaintiffs into custody and/or restrain Plaintiffs' liberties and freedom to move.

26.   Defendants restricted Plaintiffs' liberties against their will.

27.   Defendants' actions were without legal justification and/or probable cause.

28.   That as a direct result of Defendants' false arrest and imprisonment, Plaintiffs sustained damages.

29.   Defendants' actions were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

## COUNT III
## GROSS NEGLIGENCE

30.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

31.   Defendants were acting as employees of the City of Detroit Police Department and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiffs.

4

32.   Notwithstanding these duties, Defendants breached these duties when with deliberate indifference and/or gross negligence and without respect to Plaintiffs' rights, they falsely imprisoned Plaintiffs without justification, maliciously destroyed their property, intentionally inflicted severe emotional distress upon them, and used unreasonable and excessive force and threats against Plaintiffs in their home by shooting multiple gunshots and endangering lives.

33.   That Defendants knew or should have known that by breaching these duties, harm would come to Plaintiffs.

34.   That according to MCLA 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

35.   That as a result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiffs suffered damages.

36.   As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiffs suffered injuries and damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37.   Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

38.   As described in this complaint, Plaintiffs had their home barged into, with guns brandished at them, several gunshots were fired in their home, their dogs were shot, and they were wrongfully imprisoned.

39.   The actions against Plaintiffs were taken deliberately and with the intention of bringing about the contemplated results.

40. The conduct of Defendants was extreme and outrageous.

41. As a direct and proximate result of Defendants' extreme and outrageous actions against the Plaintiffs, they suffered physical injury and severe emotional distress.

42. Plaintiff suffers from severe emotional distress.

## COUNT V
## VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNREASONABLE SEIZURE

43. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

45. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of her clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

46. That Defendants violated Plaintiffs' clearly established and federally protected rights by detaining, seizing, restraining, and/or restricting the liberty of Plaintiffs without a reasonable suspicion and/or probable cause to do so.

47. That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in

violation of Plaintiffs' clearly established rights under the United States Constitution.

48. As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT VI
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 VIOLATION OF KNOCK AND ANNOUNCE

49. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

50. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches.

51. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights and illegally entered Plaintiffs' home without knocking or announcing their presence or allowing any reasonable time for Plaintiffs to respond.

52. Defendants were under the statutory obligation to knock and announce their presence pursuant to Mich. Comp. Laws § 780.656.

53. Defendants acted unreasonably and failed in their duty to act lawfully when they illegally entered Plaintiffs' home without knocking, announcing their

7

presence and purpose, and to give Plaintiffs a reasonable amount of time to respond.

54.    Defendants acted under color law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable searches.

55.    Defendants' illegal acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

56.    Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

### COUNT VII, 42 U.S.C. § 1983, 14th AMENDMENT, PROCEDURAL DUE PROCESS

57.    Plaintiffs reallege and incorporate each and every paragraph of this Complaint as though fully set forth herein.

58.    At all pertinent times, Defendants were acting under color of law, and in their individual and official capacities.

59.    The Fourteenth Amendment to the United States Constitution guarantees that no State shall deprive any person of life, liberty, or property, without due process of law.

60.    At all pertinent times, Plaintiff had a property interest in their pet dogs.

61.    Defendants' actions of shooting Plaintiffs' dogs deprived Plaintiffs of full measure of enjoyment in the property interest in such dogs.

8

62. Due process is required prior to taking of property.

63. Despite the due process that was required, Defendants barged into Plaintiffs' home and unlawfully took their property by killing and shooting Plaintiffs' dogs.

64. Reasonable government employees in the position of Defendants would know that their actions would violate Plaintiffs' well-established constitutional right to procedural due process.

65. As a direct and proximate cause of Defendants' unlawful actions against Plaintiffs as described, Plaintiffs have suffered injuries and damages, including, but not limited to, loss of property; loss of right of enjoyment in their property; mental and emotional distress; and loss of the ordinary pleasures of life.

66. As a further consequence of Defendants' conduct, Plaintiffs have a viable claim for compensatory and punitive damages, together with costs, interest and attorney fees.

## DAMAGES AND RELIEF REQUESTED

67. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

68. As the direct and proximate result of the aforementioned acts by the Defendants in this case, Plaintiff sustained damages, including economic and noneconomic damages that exceed the amount of Twenty-Five Thousand Dollars ($25,000.00).

9

69.     That Plaintiff is entitled to exemplary and/or treble damages, as Defendants'

acts were egregious and outrageous and caused the damages of Plaintiff to be

heightened.

70.     Plaintiff requests that this Honorable Court enter an award in favor of Plaintiff

and against Defendants in an amount in excess of Twenty-Five Thousand

Dollars ($25,000.00), together with costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES


BY: _____
        CHRISTOPHER J. TRAINOR (P42449)
        Attorney for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650

Dated:  January 23, 2009
CJT/mkb

10

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DENESSA WESTBROOK, APRIL
WESTBROOK, and MARTIN WESTBROOK,
And ALAYSIA WESTBROOK, by and through
her next friend APRIL WESTBROOK,

       Plaintiffs,

v.                                                                    CASE NO:
                                                                     HON:

JASON BRASGALLA, KEVIN SHEPARD,
G. CHESTER #3569, FOSTER #4667,
C. ANDERSON #3819, LARRY DAVIS,
JOSEPH WEEKLEY, T. DOLLINGER #s1028,
S. HOWITT #S176, E. HAYES #4993,

       Defendants.
_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
_____/

## DEMAND FOR JURY TRIAL

    **NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the

above-captioned matter.

                         Respectfully Submitted,
                         CHRISTOPHER TRAINOR & ASSOCIATES

                         BY: _____
                            CHRISTOPHER J. TRAINOR (P42449)
                            Attorney for Plaintiff
                            9750 Highland Road
Dated: January 23, 2009             White Lake, MI 48386
*CJT/mkb*                             (248) 886-8650